UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALEXANDER, #182285,

        Plaintiff,

v.                                CASE NO. 2:12-CV-15451
                                HONORABLE PAUL D. BORMAN

JANE CRAMER, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.    Introduction

Michigan prisoner John Alexander ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a motion for the appointment of counsel. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff alleges that he was improperly denied release on bond while awaiting trial on criminal charges (of which he was subsequently convicted) due to an erroneous Friend of the Court detainer/warrant. He names Assistant Wayne County Prosecutor Jane M. Cramer and Wayne County Prosecutor Kym Worthy as the defendants in this action and sues them in their official and individual capacities. He seeks compensatory and punitive damages.

Having reviewed the complaint, the Court concludes that it is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court further concludes that the appointment of

counsel is unwarranted and that an appeal from this decision would be frivolous and cannot be taken in good faith.

## II. Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III. Analysis

Plaintiff's complaint is subject to summary dismissal because he has failed to allege facts to show that the defendants were personally involved in the decision to either issue the erroneous Friend of the Court detainer/warrant and/or to deny him pre-trial release on bond. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so.

Similarly, Plaintiff has failed to allege facts to show that the defendants acted intentionally to deprive him of his rights. As noted, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional. *See Davidson*, 474 U.S. at 348; *Daniels*, 474 U.S. at 333-36. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992). Plaintiff has not set forth facts indicating that the erroneous Friend of the Court detainer/warrant or the denial of pre-trial release was meant to cause him harm or was otherwise intentional in the constitutional sense. He has thus failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and the complaint must be dismissed.

Additionally, Plaintiff's claims against the defendants in their official capacities are barred by sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan courts operate as arms of the state and are entitled to the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *see also Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2

(E.D. Mich. Jan. 18, 2011) (citing cases). Such sovereign immunity extends to judges and prosecutors in the Michigan courts who are sued in their official capacities. *Pucci*, 628 F.3d at 764; *Cady*, 574 F.3d at 342-45. The defendants are thus entitled to Eleventh Amendment immunity and Plaintiff's claims against them in their official capacities must be dismissed.

The defendants are also entitled to absolute immunity on Plaintiff's claims against them in their individual capacities for damages. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See, e.g., Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). The defendants are thus entitled to absolute prosecutorial immunity on any personal claim for damages for their actions as advocates in Plaintiff's criminal proceedings.

## IV.  Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint and that the defendants are entitled to immunity on his claim for damages. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Given this determination, the Court **DENIES** Plaintiff's motion for the appointment of counsel as moot. Lastly,

the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 12-21-12